UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SHAROL HOPKINS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-243 |
| § | |
| FAMILY DOLLAR STORES OF TEXAS, § | |
| L.L.C., *et al*, § | |
| § | |
| Defendants. § | |

### ORDER DENYING MOTION TO REMAND

This is a slip-and-fall personal injury case that was originally filed in the 343rd Judicial District Court of Aransas County, Texas. D.E. 1-2, 1-3. Defendant Family Dollar Stores of Texas, LLC timely removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, alleging that Defendant Linda Wright, the store manager, was improperly joined. D.E. 1. Before the Court is Plaintiff's Motion to Remand, reciting that Defendant Wright is properly joined and is a non-diverse Defendant, defeating diversity jurisdiction. D.E. 9. For the reasons stated below, the motion to remand is DENIED.

### DISCUSSION

**A. Standard of Review**

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability

of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir.2005). Only the second method is at issue here.

The Court resolves this matter by evaluating "all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *see also Boone*, 416 F.3d at 388; *Smallwood*, 385 F.3d at 573. In determining whether a viable claim has been made against a non-diverse defendant, the state pleading is evaluated pursuant to state substantive law. *Paxton v. Weaver*, 553 F.2d 936, 940 (5th Cir. 1977). The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [his or her state law] claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory*, 434 F.3d at 308.

Ordinarily, if the plaintiff can survive the pleading evaluation, there is no improper joinder. *See Smallwood*, 385 F.3d at 573. If Defendants fail to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction. *See* 28 U.S.C. §§ 1332, 1447(c).

**B. Viability of the Claim as Pled Against Non–Diverse Defendant.**

At issue is the claim against Linda Wright, an individual citizen of Texas who served as the store manager of the Family Dollar Store at the time of the incident. She is

named because of her status as an employee and store manager. There are no allegations suggesting that she had any personal involvement in the facts surrounding the Plaintiff's injury or any duty to Plaintiff separate and apart from her employment and role as manager in control of the store at the time of the events of the lawsuit. Plaintiff has not supplied this Court with anything more than the speculative possibility that Linda Wright was personally involved in the events made the basis of this lawsuit—because she was the store manager. Such allegations do not satisfy the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) or Texas law for establishing a cause of action.

In Texas, individual liability against an employee arises only when the employee owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Bourne v. Wal–Mart Stores, Inc.*, 582 F. Supp. 2d 828 (E.D. Tex. 2008). The Texas Supreme Court has extended the holding in *Leitch* to premises liability cases. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). Because Plaintiff has not alleged facts to implicate a breach of duty by the store employee separate and apart from that owed by the store, Linda Wright was improperly joined. Her non-diverse Texas citizenship does not destroy diversity.

## CONCLUSION

For the reasons set out above, the Court finds that Linda Wright is improperly joined. The properly joined parties are diverse. The necessary amount in controversy is

not disputed. Thus the Court DISMISSES the claims alleged against Linda Wright and DENIES Plaintiffs' motion to remand. D.E. 9.

ORDERED this 18th day of October, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE